UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST NBC BANK** | * * | **CIVIL ACTION NO. 2:20-cv-01259** **SECTION: "L"** |
| **v.** | * | |
| **ERNST & YOUNG LLP** **GLOUCESTER INSURANCE LTD** | * * * * | |

### UNITED STATES' REPLY TO THE FDIC-R'S
### PARTIAL OPPOSITION TO MOTION TO STAY

**NOW INTO COURT** comes the United States, appearing by and through the undersigned Assistant United States Attorneys, and respectfully submits this Response to the FDIC-R's Partial Opposition to Motion to Stay (Rec. Doc. 30). The FDIC-R's opposition illustrates the complexities and pitfalls of parallel proceedings. As a general rule, Assistant U.S. Attorneys cannot coordinate their criminal investigations with civil enforcement investigations.

Clearly, the U.S. Attorney's Office and FDIC-R have not coordinated here, and now the two are at loggerheads. However, the U.S. Attorney's Office respectfully submits that its request for a stay of all proceedings is reasonable. Many of FDIC-R's complaints are actually due to the limits on the information that criminal investigators can share with civil enforcement agents. The U.S. Attorney's Office must request this stay of proceedings because this criminal investigation is active, ongoing, and at risk of jeopardizing the overall criminal proceeding if a critical government witness, Ernst & Young (EY), is required to participate in civil discovery or if any legal or factual determinations are made by this Court.

First, the FDIC-R, in its attempt to find fault with the U.S. Attorney's Office for seeking

to protect the most important federal criminal investigation in this district, misses two key points: (1) the FDIC Complaint has already harmed the criminal case; and (2) EY employees are significant witnesses in the criminal case. The publicly filed criminal Bills of Information contend that FNBC Bank officers and employees lied to EY auditors and others. *See* Rec. Doc. 22-2, Bills of Information; Rec. Doc. 22-3, (Factual Basis documents). The FDIC-R has already publicly undercut the criminal case by suggesting that EY somehow should have detected these well-concealed frauds. Unfortunately, the FDIC Complaint could arguably be used by defendants in a criminal proceeding to construct the defense that they depended on EY to catch their "mistakes," or that EY's failure to detect the fraud meant there was no fraud.

The FDIC Complaint is premised on the same set of facts. The FDIC-R focuses on the exact same set of loans that the U.S. Attorney's Office has included in the public Bills of Information. Accordingly, these same loans, and the role of EY, will be central to any prosecution. FDIC-R cannot argue that the instant case is different from others because it did not sue the criminal targets. Instead, they have sued the material witnesses in this criminal case who will provide important evidence regarding the expanse of the fraud committed against the Bank. FDIC-R's case, therefore, can be just as disruptive as if they had sued the targets themselves. *See* Rec. Doc. 30 at (distinguishing cases cited by the U.S. Attorney's Office on the ground that the FDIC-R lawsuit involves non-targets).

Next, the FDIC-R suggests that the U.S. Attorney's Office "offers no support" for its "blunt instrument of a 'complete stay'" and does not even "mention the FDIC's compromise solution." Rec. Doc. 30 at 3. However, the U.S. Attorney's Office did acknowledge in its motion that the FDIC-R opposed the stay. Rec. Doc. 21. Further, the U.S. Attorney's Office explained in its memorandum how legal issues quickly spillover into factual disputes. Rec. Doc. 22 at 15. The

Court should be assured that the U.S. Attorney's Office has attempted to find a workable solution, and it simply appears that the parties cannot agree.

Importantly, the U.S. Attorney's Office disagrees that it has "no support" for a stay. In truth, the U.S. Attorney's Office offered FDIC-R's lawyers various explanations during these negotiations. For instance, the undersigned candidly informed FDIC-R counsel about a recent legal issue that turned into a request for discovery in the parallel FNBC Holding Company bankruptcy case. In that case, Gregory St. Angelo's attorneys filed motions to dismiss and a motion for partial summary judgment in an adversary proceeding, arguing that the motions could only be resolved with legal analysis. *See Zurich American Ins. Co., et al v. Gregory St. Angelo*, 20-1005 (E.D. La), Rec. Docs. 84, 87, 96. FNBC Bank officers, parties to the proceeding, disagreed and requested a deposition of St. Angelo, arguing that the dispute could not be fairly resolved without developing facts. Rec. Docs. 107, 112 at 4-6. Similarly, EY argues in its memorandum that "fundamental fairness would require" it to take depositions of "directors, officers, and employees of the Bank who likely are involved in the Government's criminal prosecutions, either as witnesses or as targets. Many of these witnesses…are likely to invoke their Fifth Amendment Privilege against self-incrimination." Rec. Doc. 29, ¶ 3. Thus, contrary to the FDIC-R's argument, the U.S. Attorney's Office's fear of irreparable injury is more than just speculation. Indeed, there is the very real possibility that depositions or other factual posturing could substantially harm the criminal prosecution should the FDIC lawsuit proceed.

The FDIC-R argues that the U.S. Attorney's Office has not given sufficient specific reasons for the stay. While true, it is not because the U.S. Attorney's Office is unwilling to do so. Beyond the reasons set forth in its motion, the U.S. Attorney's Office is restricted by grand jury secrecy rules from providing further facts. Unlike other cases where courts have granted a stay based solely

3

on the representations of the Assistant U.S. Attorneys, this Court has a firm factual basis here for so doing. The U.S. Attorney's Office has already published several Bills of Information against three defendants who have pleaded guilty and, more recently, one Bill of Information for an individual who intends to plead guilty. *United States v. Vira*, 20-53 (E.D. La.) (Brown, J.). This Court need not speculate as to the subject matter of the grand jury investigation because it is already in the public record. Regardless the FDIC-R's characterization of the facts in its Complaint, any document discovery, depositions by EY, as well as any further motion practice will involve the same evidence as the criminal proceeding. These reasons are specific enough to stay this civil proceeding.

Finally, the FDIC-R suggests that it will be irreparably harmed by the delay in resolving the criminal proceeding, in part, because it would have to "start from the beginning with substantial Rule 12 briefing and substantial exchanges of documents with EY before taking any depositions" (Rec. Doc. 30-1, ¶4). To the contrary, FDIC-R has already obtained extensive EY workpapers and deposed witnesses. On the other hand, EY has not yet obtained discovery, and EY intends to conduct depositions. Further, this Court's decision on any motions to dismiss will inevitably involve legal and factual determinations that will be made public. FDIC-R, of all parties here, will suffer little prejudice with a stay, while the grand jury proceeding and the subsequent criminal prosecution will suffer immeasurably. Even Rule 12 briefing and the resulting orders will involve determinations about which facts are in dispute, including facts presented by the parties and those for which judicial notice may be taken. *See, e.g.*, *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019). Both the parties and the Court in this case will make those factual assertions without the benefit of information in the criminal case that may resolve certain disputed facts and raise questions about other facts that the civil parties may not know are

subject to dispute. To the extent that those orders, as well as FDIC-R's filings, address factual issues, all without the benefit of the non-public facts developed in the criminal investigation, the defendants in the criminal case will certainly use those statements to support their defense, in part by arguing that other branches of government contradict the United States Attorney's Office. On the other hand, FDIC-R, of all parties here, will suffer little prejudice with a stay, while the grand jury proceeding and the following criminal prosecution will suffer immeasurably.

The government is fully aware that there are competing interests, and FDIC-R is trying to do its statutorily-mandated job. However, the well-established precedence elevates criminal proceedings over civil negligence cases. The facts of the FDIC-R suit and the grand jury investigation are the same. If this stay is not granted, further proceedings may interfere with the ongoing grand jury investigation and the ensuing criminal proceedings. The civil defendants, EY and Gloucester, are well-established firms, and they will be here when the criminal case is done. The most prudent course is to stay this civil proceeding much as other courts have done in this matter.

    Respectfully submitted,

    MICHAEL M. SIMPSON
    Attorney for the United States
    Acting Under the Authority Conferred
    by 28 U.S.C. § 515

    *s/ Sharan E. Lieberman*
    SHARAN E. LIEBERMAN
    NICHOLAS D. MOSES
    MATTHEW R. PAYNE
    J. RYAN MCLAREN
    Assistant United States Attorneys
    U.S. Attorney's Office (E.D. La.)
    650 Poydras Street, Suite 1600
    New Orleans, Louisiana  70130
    Telephone:  (504) 680-3129
    E-Mail: sharan.lieberman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Sharan E. Lieberman*
SHARAN E. LIEBERMAN
Assistant United States Attorney