# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST NBC BANK,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ERNST & YOUNG LLP & GLOUCESTER INSURANCE LTD.** <br><br> **Defendants.** | Case No.: 2:20-cv-01259 <br><br> Section: "L" (1) <br><br> Hon. Eldon E. Fallon, USDJ <br><br> Hon. Janis van Meerveld, USMJ <br><br> **JURY TRIAL DEMANDED** |

## THE FDIC-R'S OPPOSITION TO MOTION TO PARTIALLY LIFT STAY

The Federal Deposit Insurance Corporation as Receiver for First NBC Bank ("FDIC-R") opposes the Motion to Partially Lift Stay to Address Motion to Disqualify filed by Ernst & Young LLP ("EY"). (*See* R. Doc. 58.)

## INTRODUCTION

The Court should deny EY's motion because the same issues were first filed and are already being litigated before another judge in this district in an open matter. EY's motion is an obvious attempt to divert attention from its audit malpractice by transforming the Public Company Accounting Oversight Board's ("PCAOB") intentional decision to produce documents to the FDIC-R into a spurious ethical charge against FDIC-R counsel. This effort is not only baseless, but also misdirected to this Court at this time. The Hon. Jay C. Zainey has already considered the PCAOB's document production and is in the process of addressing these same issues on remand from the Fifth Circuit. By seeking to partially lift the stay, EY improperly seeks to shift the forum in violation of the Fifth Circuit's "first filed" rule, which exists to promote comity and efficiency.

The issues raised by EY's motion have been pending before Judge Zainey for more than 17 months. *See FDIC v. Belcher*, No. No. 2:19-cv-12561 (E.D. La.). In the *Belcher* proceeding before Judge Zainey, EY and one of its former auditors, Daniel Belcher, filed the same motions seeking the same relief that EY now requests from this Court. In the words of Belcher's (and EY's) counsel, "the same question of remedies" is pending before Judge Zainey. Judge Zainey is already familiar with the underlying facts regarding the PCAOB's intentional document production, the statute, and the documents at issue. And Judge Zainey has already written two lengthy opinions regarding the underlying issues.

With the Fifth Circuit's remand, the *Belcher* proceeding is also ongoing and more advanced than this wholly stayed case. The FDIC-R has filed a renewed motion before Judge Zainey to enforce its administrative subpoena, to permit the FDIC-R to retain the transcript of Belcher's administrative deposition, and to deny Belcher's prior request to disqualify FDIC-R counsel. That motion will be fully briefed (by EY's same counsel) by March 3, 2021.

There is no basis for EY's request to partially lift the stay in this case. Because the issues that EY seeks to present to this Court by reopening this completely stayed case are already before Judge Zainey, and Judge Zainey has devoted substantial judicial time and attention to these issues, this Court should deny EY's motion to partially lift the stay in this case. Doing so will allow Judge Zainey to resolve the matters presently before him without the risk of inconsistent rulings, inefficiencies, and duplication of efforts that would arise if the same issues moved forward on parallel tracks before two different judges in this district.

## BACKGROUND

### A. The PCAOB Board of Directors' Intentional Disclosure to FDIC Based on PCAOB's Understanding of Its Statutory Authority.

After the failure of First NBC Bank ("First NBC" or "Bank"), the FDIC-R was appointed as receiver for the Bank and commenced an investigation into possible wrongdoing by the Bank's former accountants (among others), including EY. (*Belcher*, R. Doc. 1 ¶ 13.) As part of that federal investigation, the FDIC-R issued six administrative subpoenas for depositions of current and former EY personnel, including Belcher, because they all worked on the failed audits. (*Id*. ¶ 15.)

The PCAOB conducted a separate investigation of EY's audits and obtained documents from EY and testimony from Belcher and others. (*See id.*, R. Doc. 1-12.) As part of that investigation, the PCAOB's Board of Directors determined, in its discretion, to share certain material with the FDIC Board of Directors as the "Federal functional regulator" for the Bank based on an express statutory sharing provision. *See* 15 U.S.C. §§ 6809(2)(C), 7215(b)(5)(B)(ii)(II). Specifically, the PCAOB, through its attorneys in the Division of Enforcement and Investigations, advised the FDIC-R that the PCAOB Board of Directors had authorized the sharing of its investigative material with the FDIC-R, that documents were being transmitted for use in the FDIC-R's investigation, and that the FDIC-R should maintain the confidentiality of the documents and the PCAOB's disclosure (which it did). (*Belcher*, R. Doc. 120-2 ¶ 2; *id*., R. Doc. 120-3.)

Objecting to the PCAOB's disclosure, Belcher (and the other witnesses subpoenaed by the FDIC-R) refused to appear for the FDIC-R's administrative depositions even though no PCAOB documents were sought in those subpoenas. (*Id.*, R. Doc. 1 ¶¶ 15, 17; *see also id*., R. Doc. 49-6 at 2.) In a letter to EY's and Belcher's counsel, the PCAOB's Office of General

Counsel explained its legal judgment that the PCAOB had discretion to disclose its records to the FDIC, telling EY and Belcher that "[w]e disagree with your interpretation" of Section 105(b)(5)(B) of the Sarbanes-Oxley Act, *see* 15 U.S.C. § 7215(b)(5). (*Belcher*, R. Doc. 1-6 at 1-2.)

### B. The FDIC-R Files the *Belcher* Proceeding, Assigned to Judge Zainey.

Due to the auditor witnesses' refusal to appear, the FDIC-R brought a subpoena-enforcement proceeding against Belcher in September 2019. (*Belcher*, R. Doc. 1.) Belcher responded by seeking to quash the FDIC-R's subpoena, order a return of the PCAOB documents, disqualify FDIC-R counsel, and authorize discovery into the FDIC-R's internal review of the documents. (*See id.*, R. Doc. 23; *id.*, R. Doc. 24.) The FDIC-R opposed these requests as well as EY's separate motion to intervene in order to file identical motions seeking the same relief as Belcher. (*See id.*, R. Doc. 27; *id.*, R. Doc. 27-2; *id.*, R. Doc. 48; *id.*, R. Doc. 49.)

### C. Judge Zainey's and the Fifth Circuit's Decisions in the *Belcher* Proceeding.

On December 11, 2019, Judge Zainey agreed with the PCAOB's understanding of its statute, granted the FDIC-R's subpoena enforcement petition, denied Belcher's motions to quash and disqualify FDIC-R counsel, and denied EY's motion to intervene. (*Belcher*, R. Doc. 65.) Judge Zainey rejected Belcher's and EY's arguments that the PCAOB had misread its statute, calling their arguments "unconvincing" and holding that the unambiguous statutory text allowed the PCAOB to share material with the FDIC-R. (*See id.* at 6, 8-11.)[1]

---

[1] Judge Zainey expressly considered EY's arguments alongside Belcher's motion and only denied EY's motion to intervene as moot after considering the substance of its arguments. (*See id.* at 11 ("[T]he Court reviewed EY's motion and along with its accompanying reasonings for why EY believed that the PCAOB had improperly shared documents with the FDIC, and the Court found their arguments unconvincing.").)

Judge Zainey repeated these conclusions the following month in denying Belcher's motion for a stay pending appeal. (*Id.*, R. Doc. 94.) Describing certain of Belcher's contentions as "questionable" and "disingenuous," Judge Zainey determined that Belcher had not made a strong showing on the merits or of a substantial likelihood of succeeding on appeal, nor had he shown that a serious legal question was at issue or that the balance of equities favored a stay. (*Id.* at 8-14.) A three-judge motions panel of the Fifth Circuit unanimously agreed and, on January 23, 2020, denied Belcher's stay request "essentially for the reasons given by the district court in its comprehensive Order and Reasons." (*Id.*, R. Doc, 120-4.)

Five days later, Belcher's deposition proceeded, as ordered by Judge Zainey, and over the following month the FDIC-R completed the remaining depositions that it had noticed through its administrative subpoenas to EY's current and former auditors, all of whom worked on the negligent audits. In these depositions, the FDIC-R did not refer to any PCAOB documents or testimony, did not question any witness about PCAOB documents or testimony, and did not use any PCAOB documents as exhibits. (*Id.,* R. Doc. 120-2 ¶ 4.) These witnesses were questioned regarding audit work papers and correspondence produced to the FDIC-R by EY as well as Bank records.

After completing these depositions, the FDIC-R in April 2020 brought this action against EY for accounting malpractice. (R. Doc. 1.) Before EY had responded to the complaint, the U.S. Attorney's Office moved to intervene and to stay the case due to pending criminal proceedings. (R. Doc. 21.) This Court granted that motion and stayed and administratively closed this case on July 13, 2020. (R. Doc. 55.) The Court reasoned in part that "a complete stay" was necessary because resolving even purely "legal issues"—like those that would be presented by EY's anticipated motions to compel arbitration or dismiss under Rule 12(b)(6)—potentially would

"impair the criminal proceeding" by requiring the Court "to consider and comment upon the facts presented by both sides." (R. Doc. 55 at 12.)[2]

After this Court completely stayed this case, the Fifth Circuit in October 2020 issued a 2-1 decision in the *Belcher* case vacating Judge Zainey's ruling. *See FDIC v. Belcher*, 978 F.3d 959, 961-64 (5th Cir. 2020). Acknowledging that the case presented an "issue of first impression," the panel majority disagreed with Judge Zainey's and the PCAOB's conclusion that the PCAOB had statutory authority to share documents with the FDIC-R. *Id*. at 962-64. The majority emphasized, however, that it expressed no view about what relief, if any, might be available on remand. *Id*. at 961 n.1. Instead, the majority simply vacated the judgment enforcing the FDIC-R's administrative subpoena and remanded the case to Judge Zainey "for proceedings consistent with" its decision. *Id.* at 964. Nor did the Fifth Circuit determine that the FDIC-R had acted improperly in any way. Instead, the Fifth Circuit concluded that the PCAOB lacked authority for its intentional disclosure.[3]

Judge Costa dissented. He explained that "Belcher cites no authority allowing a trial court to sanction a party because another legal authority erroneously gave it documents. Nor is there any authority for striking this deposition based on a disclosure that occurred outside this case

---

[2] EY contends that its current request to lift the stay in this case is "without waiver" to its planned motion to compel arbitration of this dispute. (R. Doc. 58 at 1 n.1) EY cannot have it both ways. By invoking this forum, EY waives any right to compel arbitration. Although the Court need not resolve the issue now, EY cannot litigate substantive matters in this Court—including its requests to disqualify counsel, to take discovery, and potentially to seek "dismissal of the Complaint" (R. Doc. 58-2 at 2-3)—while also maintaining a supposed right to a non-judicial forum.

[3] EY falsely claims that the Fifth Circuit held that the FDIC-R's conduct was improper. (*See* R. Doc. 58-1 at 3 ¶ 5.) In fact, the Fifth Circuit made no such finding regarding the FDIC-R's receipt of the PCAOB's intentional production. Instead, the Fifth Circuit held that "it was improper for the PCAOB to disclose to the FDIC …" 978 F.3d at 964.

(especially when the documents were not used in this deposition)." *Id.* at 965. Thus, rather than decide "the difficult statutory questions about whether the PCOAB should have turned over these documents," Judge Costa would have held that the appeal was moot. *Id.* at 964-65.

### D. The Same Issues Are Being Fully Briefed Before Judge Zainey.

The Fifth Circuit issued its mandate on January 14, 2021. (*Belcher*, R. Doc. 104.) Shortly thereafter, the FDIC-R advised the PCAOB and counsel for Belcher and EY that it intended to destroy all documents received from the PCAOB in light of the Fifth Circuit's ruling. (*Id.*, R. Doc. 120-2 ¶ 6; *id.*, R. Doc. 120-7.) With respect to any additional documents that reflect the contents of documents received from the PCAOB, the FDIC-R advised that it would maintain those records subject to direction from Judge Zainey regarding their disposition (and has since advised Judge Zainey that it seeks authorization to destroy those records as well). (*Id.*, R. Doc. 120-2 ¶ 6; *id.*, R. Doc. 120-7; *see id.* R. Doc. 109 ¶ 2 & n.1.)

In the meantime, Judge Zainey scheduled a status conference for February 3, 2021. (*Id.*, R. Doc. 105.) In advance of that conference, Belcher and the FDIC-R submitted notices as to the status of the proceedings. (Copies of these notices, without exhibits, are attached to this brief as Exhibits A and B respectively.) The FDIC-R also on February 1, 2021 filed a renewed motion to enforce its administrative subpoena. (The publicly filed and updated version of the FDIC-R's renewed motion, submitted on February 15, is attached as Exhibit C.) After receiving the parties' February 1 submissions, Judge Zainey cancelled the February 3 status conference "to be reset after the Court has had sufficient time to consider the parties' respective positions as outlined in their recent filings." (*Belcher*, R. Doc. 113.) Judge Zainey further stated that "[t]he Court will advise counsel if it determines that oral argument would be helpful in resolving the [FDIC-R's renewed] motion." (*Id.*) That motion will be fully briefed and submitted on March 3, 2021 to Judge Zainey for a decision.

## ARGUMENT

**I.  EY's Request to Partially Lift the Stay Should be Denied Because the Same Issues Are Already Being Litigated Before Judge Zainey.**

EY's attempt to convert a statutory interpretation dispute over the PCAOB Board of Directors' intentional decision to share documents into an ethical charge has no merit. EY asks this Court to reopen this case, to require destruction of the transcript of a deposition ordered by Judge Zainey, and to disqualify FDIC-R counsel because supposedly any reasonable lawyer should have known that the PCAOB's intentional disclosure of documents, with full approval of its Board of Directors and Office of General Counsel, was unauthorized. This theory is self-evidently false given that multiple parties, counsel, and judges have reached the opposite conclusion, including the PCAOB Board of Directors, its Office of General Counsel, Judge Zainey in two separate decisions, and a three-judge motions panel of the Fifth Circuit. This theory also is one that Judge Zainey should address in the first instance since the theory has already been presented to him, he ordered the administrative deposition at issue, and he already has considered the facts and law related to the PCAOB's production.

To justify lifting the stay and reopening this action, EY would have to show that the stay has become "immoderate" based on its scope or the reasons supporting it. *Castano v. Am. Tobacco Co.*, 908 F. Supp. 378, 382-83 (E.D. La. 1995) (relying on *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976)). EY has not even attempted to meet this standard—nor could it. This Court's consideration of issues already pending before Judge Zainey would risk inconsistent rulings, inefficiencies, and duplication of efforts. Fifth Circuit precedent would prohibit that result *even if this case were not already stayed*, so to reach that result by lifting a stay already in

place would be doubly improper. In this way, EY's proposal to lift the stay is "immoderate"—not the other way around.[4]

Allowing EY to shift the forum for the PCAOB document dispute to this Court would contradict the Fifth Circuit's settled and controlling rule that the judge presiding over a "first filed" action should resolve overlapping litigation. The Fifth Circuit has repeatedly recognized that "[a]s between federal district courts, the general principle is to avoid duplicative litigation." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *accord Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Since *West Gulf*, the Fifth Circuit has followed a "first-filed" rule under which "the court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *West Gulf*, 751 F.2d at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) ("The first-to-file rule … is essentially a forward-looking doctrine. Courts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court.").

---

[4] At the request of the U.S. Attorney's Office, the Court stayed this case due to a concern that characterizing the allegations in the FDIC-R's complaint might interfere with pending criminal matters. (*See* R. Doc. 55 at 15.) The FDIC-R's position is that any challenge to the Belcher administrative deposition or FDIC-R's receipt of PCAOB documents can be resolved as a matter of law without implicating any criminal issues. FDIC-R counsel acted appropriately, and any request for disqualification should be denied as lacking any legal basis. To the extent the FDIC-R ultimately needs to explain why the PCAOB documents do not in any way "taint" FDIC-R counsel, the FDIC-R will necessarily explain why its claims are based on core audit failings of EY supported by information independently disclosed by EY to the FDIC-R in administrative discovery, such as EY's audit work papers and internal correspondence.

The "first-filed" rule "is grounded in principles of comity and sound judicial administration" and seeks "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power*, 121 F.3d at 950 (quoting *West Gulf*, 751 F.2d at 728). The rule applies "where related cases are pending before two judges in the same district." *Save Power*, 121 F.3d at 950; *accord Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992). The rule also applies regardless of "whether or not the suits … are identical," *West Gulf*, 751 F.2d at 730 (quoting *Mann Mfg.*, 439 F.2d at 408 n.6), or whether the parties are the same, *see Save Power*, 121 F.3d at 951 ("Complete identity of parties is not required."). Provided that there is "substantial overlap" of issues, litigation of those overlapping issues should not proceed in the later-filed case until those issues have been addressed in the first-filed case. *Id.* at 950-51; *West Gulf*, 751 F.2d at 728; *Cadle Co.*, 174 F.3d at 606 (further explaining that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed" (quoting *Save Power*, 121 F.3d at 948)); *accord Mann Mfg.*, 439 F.2d at 408 ("Once the *likelihood* of substantial overlap between the two suits had been demonstrated, it was no longer up to the [court in the second-filed case] to resolve the question of whether both should be allowed to proceed;" that authority belonged to the court in the first-filed case) (emphasis added)).[5]

---

[5] Consistent with this rule and LR3.1.1, the Fifth Circuit majority in *Belcher* stated in a footnote that "[w]e leave it to the district court on remand"—here Judge Zainey—"to determine whether there are common issues … that may warrant consolidation" between the *Belcher* action and this case for accountant malpractice. 978 F.3d at 964 n.5. Neither EY nor Belcher have sought consolidation, and the FDIC-R is not asserting in this brief that the matters should be consolidated—merely that principles of comity preclude this case from being reopened to hear issues that instead should be addressed by Judge Zainey. But if any request were made to consolidate or deem the cases related (an issue that Judge Zainey previously considered), then the *Belcher* action as the first-filed and lower-numbered action would be the appropriate forum

Under this controlling law, it would turn the "first filed" rule on its head to reopen this second-filed case to consider EY's proposed motion for disqualification and "other relief," since that relief duplicates relief already sought in the first-filed case before Judge Zainey. In addition to requesting destruction of the PCAOB-shared documents (which the FDIC-R already has agreed to), EY's proposed motion groundlessly requests destruction of Belcher's and other administrative deponents' "pre-suit testimony," disqualification of FDIC-R counsel, and discovery into FDIC-R's internal handling of the documents. (*See* R. Doc. 58-2.) That relief mirrors the relief sought in Belcher's previously filed motion to quash and disqualify FDIC-R counsel before Judge Zainey. (*Compare Belcher*, R. Doc. 23 (seeking to preclude Belcher's administrative deposition, to require destruction of PCAOB-shared documents, and to authorize discovery), *and id.*, R. Doc. 24 (seeking to disqualify FDIC-R counsel).) EY's proposed motion makes largely the same legal arguments and relies on the same declarations (updated in light of the Fifth Circuit's ruling) that Belcher had previously submitted in support of his motions before Judge Zainey. (*Compare* R. Doc. 58-3 to 58-6 (EY's legal arguments and declarations), *with Belcher*, R. Doc. 23-1 to 23-21 (Belcher's legal arguments and declarations), *and* R. Doc. 24-1 to 24-21 (same).) And EY's lawyers themselves have acknowledged in Belcher's January 29, 2021 Notice Relating to Status of Matter submitted to Judge Zainey that EY's proposed motion in this Court presents "the same question of remedies" now pending in the *Belcher* proceeding. (Exhibit A ¶ 9.)

For these reasons, EY cannot credibly contest that "substantial overlap"—if not complete overlap—exists between the relief sought in its proposed motion and the relief sought before

---

both to decide the consolidation issue and to transfer this accountant-malpractice action. *See also* LR3.1.1.

Judge Zainey. Notably, Belcher has not withdrawn any of his motions before Judge Zainey. Instead, he has hedged his (really EY's) bets by stating that he "presently does not intend" to pursue relief "assuming that Judge Fallon" decides to reopen this completely stayed case to address EY's duplicative proposed motion to disqualify and for "other relief." (*Id*.) The very same relief remains squarely pending before Judge Zainey.

Moreover, these issues are being actively briefed before Judge Zainey right now, well ahead of this stayed case. The FDIC-R filed a renewed motion and memorandum in support to enforce its administrative subpoena that is pending in the *Belcher* proceeding. (*See* Exhibit C.) That motion seeks an order authorizing the FDIC-R to destroy any accessible documents reflecting information received from the PCAOB, authorizing the FDIC-R to retain Belcher's administrative deposition transcript, and denying Belcher any further relief. (*Id*. at 5-6.) The questions whether to enforce the FDIC-R's administrative subpoena and whether Belcher's deposition was validly taken are exclusively before Judge Zainey, since the FDIC-R's petition to enforce its subpoena is exclusively before him. Likewise, the Fifth Circuit specifically remanded the *Belcher* proceeding to Judge Zainey to consider the possibility of "striking" Belcher's deposition transcript, without taking any position on whether that relief would be appropriate. 978 F.3d at 961 n.1. That relief directly overlaps relief sought in EY's proposed motion in this Court and requires consideration of the very same underlying issues.[6]

---

[6] That EY is not a party to the *Belcher* action in no way changes this conclusion. EY originally sought to intervene in that proceeding, and although Judge Zainey denied that motion in his order enforcing the FDIC-R's administrative subpoena, Judge Zainey considered EY's identical substantive arguments alongside Belcher's. (*Belcher*, R. Doc. 65 at 11.) EY did not appeal the denial of its intervention motion—nor has it since sought to intervene in the *Belcher* action. EY's situation is no different from the defendant's situation in *Save Power*—a case in which the Fifth Circuit determined that it was an abuse of discretion to deviate from the first-filed rule. *See* 121 F.3d at 950 (explaining that the first-filed case could proceed in the defendant's absence and noting that the defendant had pursued but abandoned intervention in the first-filed case and also

Because of this complete overlap, EY's motion to reopen should be denied to allow the proceedings before Judge Zainey to conclude. EY's counsel correctly acknowledged in Belcher's Notice Relating to Status of Matter that "it would be judicially inefficient" for the *Belcher* proceeding to advance parallel with EY's proposed motion in this Court. (Exhibit A ¶ 9.) But the solution for that inefficiency is to deny EY's motion to partially lift the stay—not to reopen this completely stayed case when another judge is already considering the underlying issues. That result follows both from the first-filed rule and common sense. Judge Zainey is already familiar with the circumstances of the PCAOB's intentional production of documents to the FDIC-R and the statute under which the PCAOB Board of Directors determined to produce the documents. Judge Zainey has received hundreds of pages of briefs on these issues, resulting in two separate decisions, and the Fifth Circuit remanded the *Belcher* action to Judge Zainey "for proceedings consistent with" its decision. *Belcher*, 978 F.3d at 964. Since then, Judge Zainey has entered two status orders, the most recent of which reflects that he intends not only "to consider the parties' respective positions" in their notices of status but also to "resolv[e]" the FDIC-R's renewed motion to enforce its administrative subpoena, which will be submitted on March 3, 2021. (*Belcher*, R. Doc. 113.) Given these decisions and the substantial overlap of issues between these cases, there is no basis to lift the stay in this case solely to allow EY to present a duplicative motion.

## CONCLUSION

For the foregoing reasons, the Court should deny EY's motion.

---

"was represented" adequately in that proceeding by one of the existing parties). Here Belcher more than adequately represents EY's interests in the case before Judge Zainey. Belcher is represented by the same lawyers who represent EY and has advocated the exact same positions as EY throughout that proceeding. As in *Save Power*, EY's party status "does not alter [the] analysis of the relevant factors." 121 F.3d at 950.

Dated: February 23, 2021                /s/ Bryan C. Reuter
                                        Bryan C. Reuter, 23910
                                        Thomas P. Owen, Jr., 28181
                                        Stanley, Reuter, Ross, Thornton & Alford, L.L.C.
                                        909 Poydras Street, Suite 2500
                                        New Orleans, LA 70112
                                        Telephone: (504) 523-1580
                                        Facsimile: (504) 524-0069
                                        bcr@stanleyreuter.com
                                        tpo@stanleyreuter.com

                                        Lawrence H. Heftman
                                        Antony S. Burt
                                        David C. Giles
                                        Schiff Hardin LLP
                                        233 South Wacker Drive, Suite 7100
                                        Chicago, IL 60606
                                        Telephone: (312) 258-5500
                                        Facsimile: (312) 258-5600
                                        lheftman@schiffhardin.com
                                        aburt@schiffhardin.com
                                        dgiles@schiffhardin.com
                                        (admitted *Pro Hac Vice*)

                                        *Attorneys for the Federal Deposit Insurance*
                                        *Corporation as Receiver for First NBC Bank*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2021 the foregoing was filed using the Court's ECF System, which constitutes services on all counsel having appeared of record in this proceeding.

/s/ Bryan C. Reuter
Bryan C. Reuter