UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST NBC BANK** | * * * * | **CIVIL ACTION** **NO. 20-1259** |
| **VERSUS** | * * * | **SECTION: "L" (1)** |
| **ERNST & YOUNG LLP & GLOUCESTER INSURANCE LTD** | | |

### ORDER AND REASONS

Before the Court is a Motion for Certification under 28 U.S.C. § 1292(b) for interlocutory appeal by Plaintiff, the Federal Deposit Insurance Corporation as Receiver for First NBC Bank ("FDIC-R").[1] Plaintiff seeks review by the Fifth Circuit of this Court's granting of a motion by Defendant Ernst & Young ("EY") to disqualify Plaintiff's counsel. R. Doc. 112. Plaintiff also requests a stay while any interlocutory appeal is pending. R. Doc. 118. Defendant opposes Plaintiff's motions. R. Doc. 120.

In this case, the Fifth Circuit reversed another district court judge's ruling and held that the FDIC-R should not have had access to thousands of pages of documents provided to the FDIC-R by the Public Company Accounting Oversight Board ("PCAOB"). These documents related to PCAOB's investigation into the financial statement audits performed by EY of First NBC Bank ("FNBC"), which collapsed in 2017. In the present lawsuit, the FDIC-R alleges that EY negligently performed its audits of FNBC by failing to design audit procedures to identify fraud perpetrated by FNBC's President and Chief Executive Officer, Ashton Ryan, and that EY identified false statements made by Ryan but did not investigate them to the Audit Committee.

---

[1] The State of Louisiana closed First NBC Bank on April 28, 2017, and appointed the FDIC as Receiver. R. Doc. 1 at 4.

R. Doc. 1 at 1. The documents at issue originated from the PCAOB's own investigation of EY, and include transcripts of depositions taken of EY auditors by the PCAOB and informational questionnaires.

In an appeal by an EY auditor, Daniel Belcher, of the FDIC-R's attempt to enforce an administrative subpoena against him, the Fifth Circuit found that Plaintiff's attorneys should not have had received the documents from the PCAOB. *FDIC v. Belcher,* 978 F.3d 959, 964 (5th Cir. 2020). On remand, Judge Zainey noted, with regards to Mr. Belcher, "when the FDIC-R's counsel deposed him they had the benefit of studying not only EY's privileged materials but also his earlier deposition testimony before the PCAOB." Order Denying Renewed Motion to Enforce Administrative Subpoena, *FDIC-R v. Belcher*, No. 19-12561 (E.D. La. Mar. 18, 2021), R. Doc. 134 at 13. Judge Zainey referred the matter to this Court, because he determined that it would be more appropriate for this Court to fashion a casewide remedy, regarding all of the PCAOB documents, rather than one that concerned merely Belcher's subpoena. *Id.* at 12. The FDIC-R acknowledges that they were in possession of the documents for more than a year, from August 2018 onwards. R. Doc. 104 at 5.

The question presented to this Court was what to do about this improper production. At the minimum, the documents should be returned to Defendants. But what about the attorneys who had unfettered access to the documents during the time they were actively preparing the case for trial? Is it realistic to order them to forget what they learned from the documents? Is it sufficient to prevent them from using the documents in the future? Their continued presence in this litigation presents an immediate issue that is likely to present additional issues during discovery depositions or even during trial, whenever a matter or subject contained in or discussed in the documents is explored by Plaintiff's attorneys. It is for this reason the Court felt

that the best, if not only, solution was to remove these attorneys from the case, even though neither the Fifth Circuit nor this Court found bad faith on the part of the FDIC attorneys.

The FDIC-R now seeks certification of this ruling for interlocutory appeal. The Court finds that this is proper, for the same reason it granted the Defendant's initial motion to disqualify counsel: an abundance of caution. The Court recognizes that attorney disqualification is a severe penalty. *Terrebonne v. B & J Martin, Inc.*, No. CV 16-8630, 2017 WL 1037440, at 6 (E.D. La. Mar. 17, 2017). Whatever decision the Fifth Circuit makes in this instance, this Court recognizes that it is best for both parties, and in the interest of judicial economy, if does so at the outset of this case rather than after the FDIC-R substitutes its attorneys and the parties proceed to trial.

**IT IS HEREBY ORDERED** that Plaintiff FDIC-R's Motion for Certification Under 28 U.S.C. § 1292(b), at R. Doc. 117, be **GRANTED**. It is further ordered that Plaintiff FDIC-R's Motion to Stay Pending Appeal, at R. Doc. 118, be **DENIED AS MOOT**, as this case will be stayed automatically upon appeal.

New Orleans, Louisiana, this 21st day of July, 2023.

_____
**UNITED STATES DISTRICT JUDGE**